# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WE THE PATRIOTS USA, INC., and
DENNIS SMITH,
Plaintiffs,

vs.                                                                                     No. 1:23-cv-00773-DHU-LF

MICHELLE LUJAN GRISHAM, *in her
official capacity only,*
PATRICK M. ALLEN, *in his official capacity only,*
JASON R. BOWIE, *in his official capacity only,*
TROY W. WEISLER, *in his individual capacity only,*
and HAROLD MEDINA, *in his official capacity only,*
Defendants.

## ORDER DENYING TEMPORARY RESTRAINING ORDER AND REQUEST FOR HEARING

Plaintiffs, We the Patriots, a Second Amendment advocacy organization, and Dennis Smith, an individual gun owner (collectively "Plaintiffs"), have moved a second time for a temporary restraining order ("TRO") pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure. They now seek to enjoin enforcement of the New Mexico Department of Health's "Amended Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures," ("Amended Order") issued on September 15, 2023. For the reasons stated below, the Court will deny the Plaintiffs' motion and their request for a hearing.

**BACKGROUND**

On September 7, 2023, responding to a rise in mass shootings and gun-related deaths, and in particular the deaths of three children, New Mexico Governor Michelle Lujan Grisham ("the Governor") issued Executive Order 2023-130 ("EO") declaring a state of public health emergency "of unknown duration" due to gun violence. Exec. Order No. 2023-130, (Sept. 07, 2023). The Governor's EO directed the New Mexico State Departments of Public Health, Homeland Security and Emergency Management, and Public Safety to collaborate with the Governor's officer to provide a coordinated response to implement the EO.

The following day, on September 8, 2023, New Mexico Department of Health Secretary Patrick M. Allen ("Secretary Allen") issued a "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures" ("PHO") pursuant to his authority to preserve and promote public health and safety. PHO (N.M. Dep't of Health Sept. 8, 2023).

Among other prohibitions in the PHO, Section (1) restricted open or concealed possession of a firearm by any person, other than by a law enforcement officer or licensed security officer, "within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to [the] Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from June 2022 to June 2023 according to" the Public Health Department. *Id*. at § 1(A). Section (4) of the PHO further prohibited the possession of a firearm on "state property, public schools, and public parks" unless the person carrying the firearm is a law enforcement officer or licensed security officer. *Id*. at § 4.

The PHO contained certain exceptions on the blanket prohibition of possessing firearms depending on who the person is and where the firearm is possessed. As noted, Section (1) of the PHO did not apply to "a law enforcement officer or licensed security officer." *Id.* at § 1. The PHO also exempted possessing a firearm while on private property and firearm possession while at a licensed firearm dealer or gunsmith, possession for use at a licensed firing range or sport shooting competition, or possession of a firearm while traveling to designated locations, provided that the firearm is appropriately locked and secured rendering it inoperable. *See id.* § 1(A)-(E). Willful noncompliance with the PHO subjects "[a]ny person or entity" to "civil administrative penalties available at law." *Id.* at § 4.

On September 9, 2023, Plaintiffs[1] moved for a temporary restraining order, and sought to enjoin enforcement of certain provisions of the PHO which restricted the possession of firearms. The Plaintiffs asserted that the firearm restrictions were unconstitutional in that any such restrictions on their ability to possess firearms in public, either openly or concealed, violated the Second Amendment to the United States Constitution. The Plaintiffs alleged they each had standing to bring their lawsuit.

On September 13, 2023, the Court heard oral argument from the various Plaintiffs and the Defendants. Following that hearing, the Court found that Plaintiffs had met their burden in proving the necessity of a TRO and the Court issued an Order temporarily enjoining the enforcement of Sections 1 and Section 4 of the Public Health Order.

---

[1] Four other sets of plaintiffs moved for a TRO against the original Public Health Order. Those plaintiffs have not moved for a second TRO with regard to the Amended Public Health Order, and therefore the term "Plaintiffs" throughout the rest of this opinion refers only to Plaintiffs in the instant case, Dennis Smith and We the Patriots.

On September 15, 2023, the Defendants issued an Amended Order which eliminates the broad restriction on public carrying of firearms in Albuquerque but maintains the restriction on the public carrying of firearms in public parks (except for state parks) and in "public playgrounds or other area provided for children to play in." Amended Order, Section (1).

On September 21, 2023, Plaintiffs filed the instant motion for a Temporary Restraining Order and Preliminary Injunction.

## DISCUSSION

**1. The Request for a Temporary Restraining Order as It Pertains to the Public Parks Provision of the Amended Order Is Denied Because It Would Be Superfluous.**

The Court has already enjoined enforcement of the PHO as it pertains to public parks. In its hearing on September 13, 2023, the Court enjoined "Section (1) of the New Mexico Department of Health's 'Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures' ("PHO") published on September 8, 2023…[and] Section (4) of the New Mexico Department of Health's 'Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures' to the extent it imposes additional restrictions on the carrying or possession of firearms that were not already in place prior to its issuance." *See Temporary Restraining Order;* Doc. 11. The exact language of Section (4) was as follows: "no person other than a law enforcement officer or a licensed security officer, shall possess a firearm on state property, public schools, or public parks." PHO (N.M. Dep't of Health Sept. 8, 2023) at 2. The prohibition of guns in public parks was not in place prior to the issuance of the original PHO which means that this Court enjoined enforcement of the order as it applied to public parks on September 13, 2023. To issue another TRO restraining the enforcement of the Amended Order as it pertains to public parks would be superfluous and unnecessary.

2. **The Request to Enjoin the Amended PHO as It Pertains to Playgrounds and "Other Areas for Children to Play In" Is Denied Because Plaintiff's Have Failed to Demonstrate That There Is a Substantial Likelihood That They Will Succeed on the Merits of Their Claim at This Stage in the Litigation.**

For Plaintiff's to succeed in their petition for a temporary restraining order, they must show that (1) they will suffer irreparable injury unless the injunction issues; (2) the threatened injury to them outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that they will eventually prevail on the merits. *See Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). "The likelihood-of-success and irreparable-harm factors are 'the most critical' in the analysis." *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd*., 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

The Court focuses on the fourth factor because it is where Plaintiffs struggle to meet their burden. Notably, Plaintiffs do not provide any support for their contention that *New York State Rifle and Pistol Association v. Bruen*, 142 S.Ct. 2111, 2134 (2022) or other Second Amendment jurisprudence would bar laws which restrict the carrying of guns in playgrounds or other areas where children play. In fact, in one of the post-*Bruen* cases that Plaintiffs rely on, *Koons v. Platkin*, the district court held that, "For playgrounds, the parties have not persuaded this Court to change its earlier ruling allowing the State to ban firearms at playgrounds during this litigation." 2023 WL 3478604, at *83 (D. N.J. 2023). In its earlier ruling, the *Koons* court found that in both *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008), the Supreme Court had identified legitimate restrictions in "sensitive places" like schools, and identified historical traditions of law from the eighteenth and nineteenth centuries which restricted the usage of guns in schools. *Siegel v. Platkin*, No. CV 22-7464 (RMB/AMD), 2023 WL 1103676, at *10 (D.N.J.

Jan. 30, 2023). "The inference, the [Supreme] Court suggested, is that some gun-free zones are simply obvious, undisputed, and uncontroversial. These are: (a) certain government buildings … (b) polling places, and (c) schools. *Id. Bruen* further instructs courts to consider analogies to such sensitive places when considering whether the Government can meet its burden of showing that a given regulation is constitutionally permissible." *Id*. [2] Given this invitation from the Supreme Court to consider this analogy when evaluating other sensitive places, the *Koons/Seigel* court decided that "schools and playgrounds intersect, that is, playgrounds fall within the sphere of schools. Therefore, under *Bruen*, the Court "can assume it settled" that playgrounds are a "sensitive place." *Id.* (citing *Bruen*, 142 S.Ct. at 2133); *see also Antonyuk v. Hochul*, 639 F.Supp.3d 232, 324 (N.D.N.Y. 2022), reconsideration denied sub nom, *Antonyuk v. Negrelli*, No. 122CV0986GTSCFH, 2022 WL 19001454 (N.D.N.Y. Dec. 13, 2022) (declining to preliminarily enjoin New York's gun law ban on carrying firearms at public playgrounds).

The analysis by the *Koons/Seigel* court that led to its determination that schools and playgrounds intersect is logically applicable to the restriction of firearms in "other areas for children to play," therefore the regulation of gun activity in such areas may very well be constitutional under *Bruen* and *Heller*. Given the post-*Bruen* decisions analyzing the restriction of firearms in playgrounds, Plaintiffs are unable to show a substantial likelihood of success on the merits in their constitutional challenge of the Governor's Amended Order as it relates to playgrounds and other areas where children play. Because Plaintiffs have not shown a substantial

---

[2] *Seigel* and *Koons* represent two different plaintiffs who challenged the same New Jersey law and received the same TRO and Preliminary injunction. Therefore, the Plaintiffs' references to *Koons* are references to *Seigel* as well.

likelihood of success on the merits of their challenge to the restriction in these areas, their request for a Temporary Restraining Order will be denied.

## CONCLUSION

For the reasons explained herein, Plaintiffs' Motions for a Temporary Restraining Order pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure [Doc. No. 13] is **DENIED** and their request for a hearing on this issue is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE