UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

## Clerk's Minutes
## Before the Honorable David Herrera Urias

**CASE NO.**     1:23-cv-00771, 1:23-cv-00772, 1:23-cv-00773, 1:23-cv-00774, 1:23-cv-00778

**DATE:** October 3, 2023

**TITLE:** National Association for Gun Rights et al v. Grisham et al; Donk et al v. Grisham et al; We the Patriots USA, INC. et al v. Grisham et al; Blas v. Grisham et al; Fort et al v. Lujan Grisham et al

**COURTROOM CLERK:** C. Reed-Guevara          **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 10:08-12:11; 12:35-12:56     **TOTAL TIME:** 2 HOURS AND 24 MINUTES

**TYPE OF PROCEEDING:** HEARING FOR A PRELIMINARY INJUNCTION

**COURT RULING:**     TRO EXTENDED UNTIL OCTOBER 11TH, PLAINTIFFS HAVE UNTIL OCTOBER 6TH TO COMPLETE BRIEFING; PRELIMINARY INJUNCTION ON THE ORIGINAL PHO DENIED

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**     **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Barry K Arrington                               Holly Agajanian
Anthony Napolitano
Cameron L. Atkinson
Marc Lowry
Jordan George

**PROCEEDINGS:**

HEARING STARTED AT 10:08

COURT CALLS THE CASES

10:09 COUNSEL STATES THEIR APPEARANCES FOR THE RECORD

COURT GOES THROUGH THE FACTUAL AND PROCEDURAL BACKGROUND

COURT ADDRESSES THE FACT THAT THIS ORIGINAL ORDER IS EXPIRING THIS FRIDAY OCTOBER 6

COURT ASKS DEFENDANTS IF THE ORDER WILL BE EXTENDED – ANSWER IS YES – AT LEAST ONE THIRTY DAY EXTENSION, COULD BE EXTENDED AGAIN

PUBLIC PLACES WHERE CHILDREN PLAY, PLAYGROUNDS, AND PUBLIC PARKS

WE NOW HAVE STANDING ISSUES – THERE WERE AFFIDAVITS BY THE PLAINTIFFS ABOUT THE ORIGINAL PHO

HEARING FROM NATIONAL ASSOCIATION OF GUN RIGHTS AND FOSTER HAINES:

THEY FILED A "SUPPLEMENTAL MOTION FOR A PRELIMINARY INJUNCTION" ON 9/21/23

COURT AND COUNSEL DISCUSS WHETHER OR NOT A GUN RANGE IN A PUBLIC PARK

BECAUSE WE ARE TREATING THIS CASE AS CONSOLIDATED THEN BECAUSE MR HAINES HAS STANDING THEN EVERYONE HAS PIGGY BACK STANDING

COURT REMINDS COUNSEL THAT THESE CASES HAVE NOT ACTUALLY BEEN CONSOLIDATED

10:21 COURT HEARS FROM WE THE PATRIOTS

AGREES THAT THE SECOND ORDER SUPERSEDES THE FIRST ORDER

WILL ARGUE THAT THERE ARE MOOTNESS ISSUES IN REGARDS TO THE GOVERNOR BECAUSE SHE COULD DO A VERY SIMILAR THING AGAIN

WANTS A RULE 12 PROCESS

GUN OWNERS OF AMERICA/DONK COUNSEL

DECLARATION IS THAT HE CARRIES HIS HANDGUN EVERY DAY, EVERYWHERE HE GOES

VISITS PARKS, FREQUENTLY TAKES HIS GRANDCHILDREN TO PLAY – DONK WILLING TO TESTIFY

COURT ASKS HOW THEY CAN HAVE STANDING TO CHALLENGING SOMETHING THEY HAVEN'T CHALLENGED, BECAUSE THEY HAVE NOT FILED ANYTHING

COUNSEL ARGUES THAT THESE AREAS WERE ALREADY IN THE PHO

COUNSEL ARGUES THAT THIS IS NOT MOOT – VOLUNTARY CESSATION IS AN EXCEPTION TO MOOTNESS DOCTRINE

1) CHANGE IN TAILORING OF THE AMENDED PUBLIC HEALTH ORDER REFLECTED THE KEY ISSUES FROM THE HEARING – IT IS INTENDED TO BE RENEWED

    a. COURT POINTS OUT THAT THIS RENEWAL WILL ONLY BE ABOUT THE

2) PLACES WHERE CHILDREN PLAY WAS REPRESENTED IN THE ORIGINAL ORDER

3) VOLUNTARY CESSATION OF AN EXEC ORDER OR REGULATION IS TREATED DIFFERENTLY THAN THE DELIBERATIVE LEGISLATIVE PROCESS

COURT POINTS OUT THAT THE GOVERNOR GOT RID OF THE UNCONSTITUTIONAL PART ITS NOT UNDERHANDED

COUNSEL: BUT PARKS WERE IN THE FIRST TRO AND THAT STILL SHOWED UP

10:31 COUNSEL LOWERY, FOR SHAWN BLAS: THE INTENT OF THE ORIGINAL COMPLAINT WAS ABOUT THE BROAD SECOND AMENDMENT RIGHTS THAT BLAS HAD

WOULD WELCOME THE OPPORTUNITY TO AMEND THEIR COMPLAINT/AFFIDAVIT, HE GOES TO ALL THE PLACES HIS CHILDREN PLAY

GOVERNOR HAS CONCEDED THAT AS FAR AS PUBLIC PARKS GO IT WAS PART OF THE ORIGINAL ORDER

MOOTNESS: ATTACKED THE LANGUAGE OF THE ORIGINAL ORDER WHICH IS STILL IN THE AMENDED PUBLIC HEALTH ORDER

STILL HAVE THEIR CONSTITUTIONAL VOID FOR VAGUENESS – THIS ARGUMENT WOULD ALLOW THE COURT TO APPLY VAGUENESS TO A REQUEST FOR A PRELIMINARY HEARING

WANTS THE OPPORTUNITY TO BRIEF ON VAGUENESS CITES -- United States v. Davis, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019)

WITHOUT SUBPOENA POWER NORMAL PEOPLE CAN'T FIND OUT THE EMERGENCY ROOM STATISTICS

COUNSEL'S STATEMENTS DO NOT COINCIDE WITH THE CLIENT'S STATEMENTS: SEPT 17 NEW YORK TIMES ARTICLE, VERY LAST STATEMENT MADE BY THE GOVERNOR IS THAT SHE WILL FIGHT TO RESTORE THE PROVISIONS WHICH THE COURT STRUCK DOWN

ABC NEWS INTERVIEW, TALKING ABOUT DOING EVERYTHING NECESSARY TO PROTECT THE PUBLIC

CAPABLE OF REPETITION BUT EVADING REVIEW MOOTNESS DOCTRINE

NO PUBLIC STATEMENT OR AFFIDAVIT THAT THE OLD ORDER WON'T COM BACK

PLAINTIFF FORT'S ATTORNEY: REGARDING STANDING THERE WAS A DECLARATION ATTACHED TO HIS ORIGINAL MOTION THAT HE CARRIES ALL THE TIME IN THE PUBLIC – COUNSEL THINKS THAT IT WILL STILL APPLY TO PUBLIC PARKS

ANY AREA IN PUBLIC AREAS WHERE CHILDREN PLAY – SHOULD CONFER STANDING FOR MR FORT

PIGGY BACK STANDING

EVADING REVIEW, CESSATION – THE NYT ARTICLE

ONLY VAGUE STATEMENTS MADE BY COUNSEL, NO AFFIDAVIT, NO TESTIMONY BEING OFFERED

COURT ASKS IF THERE IS NO MOOTNESS, THEN HOW CAN YOUR ORIGINAL PRELIMINARY INJUNCTION APPLY TO THE AMENDED ORDER. VERY LITTLE LEGAL ARGUMENT ABOUT THE NEW RESTRICTIONS.

PUBLIC PARKS WERE IN THE ORIGINAL TRO BUT THERE WAS NOT SIGNIFICANT LEGAL BRIEFING ABOUT PUBLIC PARS AND WHERE CHILDREN PLAY

COUNSEL WANTS TO EMPHASIZE THAT THE PRELIMINARY INJUNCTION COULD BE USED TO PREVENT THE GOVERNOR FROM REIMPOSING THOSE PREVIOUSLY ENJOINED RESTRICTIONS

BACK TO COUNSEL FOR NATIONAL ASSOCIATION FOR GUN OWNERS: WE ARE TALKING ABOUT MOOTNESS NOT STANDING

IN TERMS OF THE PRELIMINARY INJUNCTION GOING TO THE ORIGINAL ORDER – HE SAYS THEY ADDRESSED PLAYGROUNDS IN THEIR MOTION – BUT WHEN I READ IT THERE IS NO LEGAL ARGUMENT FOR PLAYGROUNDS

10:56 COUNSEL FOR THE DEFENDANTS:

"RESISTANCE FOR THE ISSUE OF RESISTANCE"

GOVERNOR HAS HEARD THE COURT, IT WAS TOO BROAD, IT HAS BEEN AMENDED AND LIMITED

SHE DOES NOT INTEND TO REVIVE THE PREVIOUS PUBLIC HEALTH ORDER – THOSE PUBLIC STATEMENTS ARE IN DIFFERENT CONTEXTS

SHE THINKS THAT THE PLAINTIFFS WANT AN ADVISORY OPINION – BUT THAT IS NOT APPROPRIATE HERE

THE COMPLAINTS STILL LIVE – BUT IS THERE STANDING ON THIS PARTICULAR ISSUE? DEFENSE ARGUES NO

10:59 ARGUMENTS BEING ON THE PRELIMINARY INJUNCTION ARGUMENTS FOR THE AMENDED ORDER

NATIONAL GUN OWNERS ASSOCIATION COUNSEL:

DEFENDANTS MEAN SOMETHING DIFFERENT WHEN THEY SAY PLACES WHERE CHILDREN PLAY

THERE IS NO TRADITION OF SAYING THAT YOU CANNOT CARRY FIREARMS IN PUBLIC PARKS

1791 IS THE KEY TIMEFRAME – LATE EIGHTEENTH CENTURY IS OFF THE TABLE

RECONSTRUCTION AMENDMENTS ARE FAR TOO LATE

COURT SAYS, BRUEN DID NOT ADDRESS PUBLIC PARKS – YOU ARE ADDRESSING DISTRICT COURTS YES?

COUNSEL SAYS THAT WOLFORD SAYS YOU CAN'T JUST SAY NO BECAUSE CHILDREN PLAY

ARGUES THAT THE SECOND CIRCUIT IS DISOBEYING THE SUPREME COURT'S MANDATE

ARGUES THAT THERES NOTHING ABOUT GOVERNMENT FUNCTION IN PLAYGROUNDS

COURT ASKS ABOUT WHAT WE SHOULD DO ABOUT THE TENTH CIRCUIT ANALYSIS

VAGUENESS ISSUE WITH "AREAS WHERE CHILDREN PLAY" – IT HAS BROUGHT BACK THE ORIGINAL PUBLIC HEALTH ORDER BECAUSE AREAS WHERE CHILDREN PLAY IS EVERYWHERE

11:16 – WE THE PATRIOTS COUNSEL GIVES ARGUMENTS

PUBLIC HEALTH ORDER SUBJECTS MR SMITH TO QUASI CRIMINAL SANCTIONS WHICH MEANS THAT IT IS NOT SURPLUSAGE IN REFERENCE TO THE PARKS ORDINANCE

GOVERNOR ALTERED THE STATUS QUO – SEEKING COURTS RELIEF TO GO BACK TO THE STATUS QUO

COURT POINTS OUT THAT PRINCIPLE THAT THERE IS CASE LAW THAT INJUNCTIONS ARE DISFAVORED DO NOT APPLY WHEN IT COMES TO CONSTITUTIONAL RIGHTS

TEST PROPOSES CORE GOVERNMENT FUNCTION: CLEAR RULES THAT EVERYONE KNOWS HOW TO FOLLOW

COURT POINTS OUT THAT COURT'S REFERENCES TO SENSITIVE PLACES IS THAT ITS DICTA

WE MUST BE ENGAGED IN A HISTORICAL ANALOGUES TEST – PLAINTIFF CITES ALL THE COLONIAL PARKS THAT HAD NO RESTRICTIONS IN THE COLONIAL ERA

CENTRAL PARK 1858 IS THE FIRST MAJOR PLACE WHERE GUNS WERE RESTRICTED IN PARKS – REFERENCES TO THOREAU

PLAYGROUNDS ARE MORE AKIN TO PUBLIC PARKS THAN THEY ARE TO SCHOOLS

ARE WE DEFINING SENSITIVE PLACES BY WHO IS PRESENT OR BY WHAT ACTS TAKE PLACE THERE

IT SHOULD BE ABOUT WHAT GOVERNMENT FUNCTION IS TAKING PLACE THERE

COUNSEL ARGUES THAT PUBLIC SCHOOLS EDUCATE PEOPLE TO DO THEIR OTHER CIVIC FUNCTIONS AND THAT IS WHY THEY ARE SENSITIVE PLACES – <u>PLAYGROUNDS DO NOT PERFORM THAT FUNCTION</u>

ARGUES THAT OLD PARKS ARE LIKE WHAT PLAYGROUNDS TODAY ARE

COURT POINTS OUT KOONS DID FIND THAT PLAYGROUNDS WERE SENSITIVE PLACES

PLAINTIFF SAYS LOOK AT CORE FUNCTION VS WHOSE THERE

BELIEVES THAT THE ANALOGY INVITATION FROM SCOTUS IS A VERY LIMITED TEST \

ONE PROCEDURAL ISSUE: CONTINUE THE TRO AS TO PUBLIC PARKS

11:39 – MR. LOWERY: MR BLASS WANTS TO JOIN THE MOTIONS OF THE OTHER ATTORNEYS. SEES THE ORDERS AS COMPATIBLE BECAUSE OF THE PARKS STUFF

DEFECTIVE LANGUAGE IS STILL THE SAME. AVERAGE CITIZEN CANNOT FIGURE OUT WHAT THIS MEANS – SHORT WAY AROUND ALL THE BRUEN ARGUMENTS WOULD BE TO DECLARE THIS PUBLIC

HEALTH ORDER AS CONSTITUTIONALLY VAGUE IN THAT RESPECT

AGAIN CITES THE GORSUCH DECISION

11:43 DEFENDANT'S COUNSEL

NONE OF US DISPUTE ITS ABOUT "SENSITIVE PLACES" – ITS NOT SAID THAT IT'S A CORE GOVERNMENT FUNCTION – THAT'S BECAUSE ITS ABOUT WHAT ARE THE FUNCTIONS AND WHO IS THERE

DEFENSE WANTS TO BE CLEAR THAT THE PHO SAYS PUBLIC PLACES "PROVIDED" FOR CHILDREN TO PLAY

PUBLIC POOL WOULD BE A PLACE PROVIDED FOR CHILDREN TO PLAY

COURT – SHOULD PEOPLE ALL HAVE TO EVALUATE THAT BEFORE THEY WALK INTO OR WALK ACROSS A PLACE?

COUNSEL ARGUES ITS NOT A HARD CALCULUS – IS THIS A PUBLIC PLACE PROVIDED FOR CHILDREN TO PLAY IN?

COURT, WHAT ARE THOSE PLACE?

COUNSEL – COMMUNITY CENTER, PUBLIC SCHOOL, ETC.

WE ARE LOOKING FOR ANALOGUES NOT TWINS – THE ARGUMENT THAT THERE WERE NOT PLAYGROUNDS IN 1791 MEANS THAT WE CAN'T RESTRICT IS LAUGHABLE

counsel cites Maryland Shall Issue Inc et al v. Moore, 4th U.S. Circuit Court of Appeals, No. 21-2017, fourth circuit decided not to prevent the use of guns in parks

PLAYGROUNDS

COURT ASKS ABOUT THE VAGUENESS ISSUE

THE INFORMATION IS PUBLICLY AVAILABLE TO PEOPLE, THEY CAN ADAPT, THEY CAN CHECK FOR THEMSELVES

ORDINANCE PREVENTING THE USE OF GUNS IN PARKS -- See NMSA 1978 § 30-7-2.1(a); §

2.1(b)(2); § 12; AI Nos. 5-19, 5-20,

https://codelibrary.amlegal.com/codes/albuquerque/latest/albuquerque_ nm_admin/0-0-0-33083.

FIREARMS RELATED INJURIES AND DEATHS HAVE INCREASED – ESPECIALLY FOR CHILDREN – WHICH GOES TO THE SENSITIVE PLACES DOCTRINE

THERE IS A SIGNIFICANT POPULATION OF AGITATORS AND INSTIGATORS. THEY INTENTIONALLY BRING THEIR WEAPON INTO THE PUBLIC SPHERE WITH THE PURPOSE OF INTIMIDATING, DARING SOMEONE TO DO SOMETHING, BECAUSE THEY CAN

COURT POINTS OUT THAT IN HELLER SCOTUS HEARD THAT THERE WERE BAD ELEMENTS OUT THERE USING FIREARMS – AND THE SUPREME COURT SAID THAT NONE OF THAT REALLY MATTERS

COUNSEL: GOING BACK TO ANTONYUK, AGREES W HOW THE COURT ORIGINALLY PUT IT. THE SHADOW DOCKET IS USED A LOT. IF ALITO THOUGHT THAT SPECIFIC PROHIBITION WAS A BRIDGE TOO FAR, IT WOULD BE GONE.

WHAT MAKES A SENSITIVE PLACE TAKES A LOT OF EVIDENCE AND RESEARCH. BRUEN CONTEMPLATES THE IDEA THAT THERE ARE SENSITIVE PLACES WHICH ARE EXEMPT FROM THE TWO STEP ANALYSIS

YOU SHOULD LOOK AT WHAT TRADITIONALLY HAPPENS THERE – BUT ALSO LOOK AT WHERE YOU "ARE" SOCIALLY, PHILOSOPHICALLY, ETC. PEOPLE (LEGISLATORS) HAVE MADE SENSITIVE PLACES MORE SENSITIVE

WHAT'S AT STAKE IN THE BALANCING TEST? WHO IS AT RISK? WHEN WE ARE TALKING ABOUT A BALANCING TEST OF WHAT IS A SENSITIVE PLACE, THE CHILDREN WIN. SHOW THEM WE ARE TRYING TO KEEP THEM SAFE AND THEY DON'T HAVE TO WORRY ABOUT WHO'S HOLDING THE GUN.

NO RIGHT ANSWER BUT THE LEAST WE CAN DO IS TRY JUDGE. GIVE OURSELVES A TEMPORARY COOLING OFF PERIOD – BALANCING TEST OF SENSITIVE PLACES SHOULD CARRY THE DAY

THE HARM OF THE SECOND AMENDMENT IS DI MINIMUS IN REFERENCE

12:11 HEARING WAS IN RECESS

12:35 RESUMED

DONK JOINS NATIONAL GUN OWNERS – WANTS A BRIEF TO ADVANCE THEIR OWN ARGUMENTS

FORT – ORAL MOTION TO JOIN NGO

BLASS' COUNSEL THINKS THAT THE DEFENDANTS CONCEDED VAGUENESS

NGO COUNSEL ADMIRES DEFENSE COUNSEL'S PASSION AND HER FRUSTRATION

BRUEN WANTED FIRST AMENDMENT TO BE TAKEN AS SERIOUSLY AS THE FIRST AMENDMENT – SHOULDN'T BE A SECOND CLASS RIGHT – GOV'T WAS 53-0

USING INTEREST BALANCING THE GOV'T TOO OFTEN DEFERS TO THE GOVERNMENT

UNQUALIFIED DEFERENCE

THE FACT THAT YOU DON'T VALUE THIS RIGHT, THIS UNPOPULAR RIGHT, DOESN'T MEAN THAT PEOPLE SHOULDN'T HAVE THEIR RIGHT DEFENDED

APPRECIATE THE COURT'S APPRECIATION FOR READING HELLER – YEAH GUN VIOLENCE IS A TERRIBLE PROBLEM IN THIS COUNTRY – BUT INFRINGING UPON LAW ABIDING CITIZENS RIGHTS IS NOT ONE OF THE THINGS YOU CAN DO

VAGUENESS: PLACES PROVIDED FOR CHILDREN – IT WOULD HAVE NEVER OCCURRED TO COUNSEL THAT POOLS WOULD BE INCLUDED IN THAT

AVERAGE NEW MEXICAN CITIZEN WON'T BE ABLE TO UNDERSTAND THIS

DOES IT MEAN THE GOV'T HAS OPENED IT UP? OR ITS JUST A PUBLIC PLACE FOR PEOPLE TO GO?

HOW ABOUT A RESTAURANT? THAT ALLOWS CARRYING OF WEAPONS

FOURTEENTH AMENDMENT WAS PASSED IN 1868 – EZPINOZA SAYS LATER HISTORY CAN ONLY CONFIRM PRIOR HISTORY IT CANNOT DENY IT

GOV'T IN BRIEFS OF THIS NATURE HUNT AND HUNT AND FIND A CASE. BRUEN DIDN'T SAY THAT – THE GOV'T'S JOB IS THAT YOU MUST FIND A BROAD NATIONAL TRADITION. ONE OR TWO STATES,

JUST CITIES, THAT CANNOT ESTABLISH A BROAD NATIONAL TRADITION

THIS LAW IS VAGUE AT THE VERY OUTSET

THIS AMENDED ORDER CANNOT STAND

WE THE PATRIOTS COUNSEL: THANKS COURT AND STAFF

BRUEN ESTABLISHED A RULE. NARROW AND WELL DEFINED EXCEPTIONS FOR THE RULE. SENSITIVE PLACES IS NOT SUPPOSED TO BE AN INTEREST BALANCING SUBSET

WHAT ANALOGUES CAN THE STATE SUPPLY FROM HISTORY, WHETHER THEY ARE RELATIVELY SIMILAR

WANTS AN EXTENSION OF A TRO AND A PRELIMINARY INJUNCTION

COURT DENIES REQUEST FOR A PRELIMINARY INJUNCTION FOR THE ORIGINAL ORDER—COURTS NOT CONVINCED THAT THOSE RESTRICTIONS ARE LIKELY TO BE REINSTATED

PRELIMINARY INJUNCTION TO THE AMENDED PHO WE WILL TAKE THAT UNDER ADVISEMENT

THEREFOR COURT WILL EXTEND THE TRO UNTIL

BRIEFS NEED TO BE IN BY OCTOBER 6TH

GUN OWNERS OF AMERICA AND BLAS AND FORT GET 5 SUPPLEMENTAL PAGES

12:56 HEARING ENDED