# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NATIONAL ASSOCIATION FOR GUN RIGHTS
and FOSTER ALLEN HAINES,

    Plaintiffs,

vs.                                                                                                                No. 1:23-cv-00771-DHU-LF

MICHELLE LUJAN GRISHAM ,
*In her official capacity as the*
*Governor of the State of New Mexico,*
and PATRICK M. ALLEN, *in his*
*official capacity as the Secretary of the*
*New Mexico Department of Health,*

    Defendants.

and

RANDY DONK,
GUN OWNERS OF AMERICA, INC.
GUN OWNERS FOUNDATION,

    Plaintiffs,

vs.                                                                                                                No. 1:23-cv-00772-DHU-LF

MICHELLE LUJAN GRISHAM, *in her*
*official capacity as the Governor of New Mexico,*
PATRICK M. ALLEN, *in his official capacity as the*
*Cabinet Secretary of the New Mexico Department of Health*,
JASON R. BOWIE, *in his official capacity as the Cabinet*
*Secretary of the New Mexico Department of Public Safety*
and TROY W. WEISLER, *in his individual capacity as the*
*Chief of the New Mexico State Police,*

    Defendants.

and

WE THE PATRIOTS USA, INC., and
DENNIS SMITH,

    Plaintiffs,

vs.                                                                                                                                       No. 1:23-cv-00773-DHU-LF

MICHELLE LUJAN GRISHAM, *in her
official capacity only,*
PATRICK M. ALLEN, *in his official capacity only,*
JASON R. BOWIE, *in his official capacity only,*
TROY W. WEISLER, *in his individual capacity only,*
and HAROLD MEDINA, *in his official capacity only,*

    Defendants.

and

SHAWN BLAS,

    Plaintiff,

vs.                                                                                                                                       No. 1:23-cv-00774-DHU-LF

MICHELLE LUJAN GRISHAM, *in her
capacity as the Governor of New Mexico as well as
in her individual capacity,* PATRICK M. ALLEN, *in his capacity as the
Secretary of the New Mexico Department of Health as well as in his
individual capacity,* OFFICE OF THE GOVERNOR
OF NEW MEXICO and NEW MEXICO DEPARTMENT OF
HEALTH,

    Defendants.

and

ZACHARY FORT,
NEW MEXICO SHOOTING
SPORTS ASSOCIATION,
FIREARMS POLICY COALITION, INC.,
and SECOND AMENDMENT FOUNDATION,

    Plaintiffs,

vs.                                                                                          No. 1:23-cv-00778-DHU-LF

MICHELLE LUJAN GRISHAM, *individually and*
*in her official capacity as the Governor of New Mexico*,
PATRICK M. ALLEN, *individually and in his official capacity as the*
*Cabinet Secretary for the New Mexico Department of Health,*
JASON R. BOWIE, *individually and in his official capacity as*
*the Cabinet Secretary of the New Mexico Department of Public Safety*
and TROY W. WEISLER, *individually and in his official capacity as the*
*Chief of the New Mexico State Police,*

  Defendants.

and

RICHARD M. ANDERSON,

  Plaintiff,

vs.                                                                                          No. 1:23-CV-00839-DHU-LF

MICHELLE LUJAN GRISHAM, *in her*
*official capacity only,*
PATRICK M. ALLEN, *in his official capacity only,*

  Defendants.

## ORDER CONSOLIDATING CASES

  This matter comes before the Court *sua sponte*. Plaintiffs initiated cases in this Court with complaints that contain identical factual allegations and substantially similar constitutional law claims. The Court has concluded that these cases should be joined for the purposes of their litigation going forward.

## I.
## BACKGROUND

The Plaintiffs in *National Association For Gun Rights et al v. Grisham et al*, No. 1:23-cv-00771; *Donk et al v. Grisham*, No. 1:23-cv-00772; *We the Patriots USA Inc. et al v. Grisham et al*, No. 1:23-cv-00773; *Blas v. Grisham et al*, No. 1:23-cv-00774; *Fort et al v. Grisham et al*, No. 1:23-cv-00778; and *Anderson v. Grisham et al*, No. 1:23-cv-00839  (Plaintiffs"), have each brought actions in the United States District Court for the District of New Mexico against certain government defendants, including Governor Michelle Lujan Grisham, Secretary of the New Mexico Department of Health Patrick M. Allen, and various other individuals and law enforcement officials (collectively, "Defendants").  These actions were filed in response to New Mexico Governor Michelle Lujan Grisham's Executive Order 2023-130 , first issued on September 7, 2023, and Secretary Patrick M. Allen's Public Health Emergency Order Imposing Temporary Firearms Restrictions, Drug Monitoring and Other Public Safety Measures ("PHO"), first issued on September 8, 2022.  The PHO contained broad restrictions on the public possession of firearms in certain areas in New Mexico.

## II.
## STANDARD

"If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions involving common questions of law or fact is at the sound discretion of the district court. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978). A district court can consolidate cases under these standards *sua sponte. Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121 (2d Cir. 1999); *Maiteki v. Marten Transportation Ltd.*, No. 12-CV-2021-WJM-CBS, 2014 WL 4331664 (D. Colo. Sept. 2, 2014); *See Cook v. Baca*, 625 F. App'x 348 (10th

Cir. 2015) (rejecting an appeal that the district court abused its discretion by consolidating cases *sua sponte.*)

If the district court determines that there is a common question of law or fact, then it must weigh the interests of judicial convivence of consolidating with the delay, confusion, and prejudice that consolidation could cause. *Devlin,* 175 F.3d at 130 (("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."); *Cook*, 625 F.App'x at 355 ("Fed.R.Civ.P. 42 … permit[s]] the district court to consolidate 'actions before the court' that 'involve a common question of law or fact.'); *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp.1560, 1572 (D.N.M. 1994) ("If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause."); *See also Shump v. Balka*, 574 F.2d at 1344.

## III.
## ANALYSIS

Consolidation of these complaints is appropriate because all the cases involve common questions of law and identical facts. In particular, each of these cases requires the Court to answer the question of whether the Second Amendment to the United States Constitution permits Defendants to temporarily ban firearms in the areas now stated in the most recent Amended Public Health Order, specifically public parks and playgrounds.

For the most part,[1] Plaintiffs have been attending the same hearings and have even joined orally joined motions at these hearings. Due to this fact, consolidation is unlikely to cause delay

---

[1] Due to Plaintiff Anderson's date of filing, he did not attend the two hearings the Court has had on this matter.

among the parties. Consolidation is also necessary to avoid judicial inefficiency: allowing each case to proceed individually would require the Court to rule in six separate cases on the same issues and determine nearly identical requests for relief. The Court has also determined that none of the Plaintiffs will be prejudiced by having their claims determined in the same action, because the same judge is already adjudicating each Plaintiff's claims. Thus, the interests of judicial economy in consolidating the ruling on the motions to remand greatly outweigh any delay, confusion or prejudice that might occur.

**IT IS THEREFORE ORDERED** that the complaints in the following cases are hereby consolidated: *National Association For Gun Rights et al v. Grisham et al*, No. 1:23-cv-00771; *Donk et al v. Grisham*, No. 1:23-cv-00772; *We the Patriots USA Inc. et al v. Grisham et al*, No. 1:23-cv-00773; *Blas v. Grisham et al*, No. 1:23-cv-00774; *Fort et al v. Grisham et al*, No. 1:23-cv-00778; and *Anderson v. Grisham et al*, No. 1:23-cv-00839.

**IT IS ALSO ORDERED** that all documents filed in the future for any of the listed cases shall be filed in the case that currently contains a motion for preliminary injunction as to the most recent Amended Public Health Order, *We the Patriots USA Inc.*, No. 1:23-cv-00773.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE