IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATIONAL ASSOCIATION FOR GUN
RIGHTS, and FOSTER ALLEN HAINES,

    Plaintiffs,

v.                                                            Case No. 1:23-cv-00771-DHU-LF

MICHELLE LUJAN GRISHAM, in her official
capacity as the Governor of the State of New Mexico,
and PATRICK M. ALLEN, in his official capacity
as the Secretary of the New Mexico Department of Health,

    Defendants,
AND

RANDY DONK, GUN OWNERS OF
AMERICA, INC., and GUN OWNERS
FOUNDATION,

    Plaintiffs,

v.                                                            Case No. 1:23-cv-00772-DHU-LF

MICHELLE LUJAN GRISHAM, in her official
capacity as the Governor of New Mexico, PATRICK
M. ALLEN, in his official capacity as the Cabinet
Secretary of the New Mexico Department of Health,
JASON R. BOWIE, in his official capacity as the
Cabinet Secretary of the New Mexico Department
of Public Safety and W. TROY WEISLER, in his
individual capacity as the Chief of the New Mexico
State Police,

    Defendants.

AND

WE THE PATRIOTS USA, INC, and
DENNIS SMITH,

    Plaintiffs,

v.                                                            Case No. 1:23-cv-00773-DHU-LF

MICHELLE LUJAN GRISHAM, in her official capacity only, PATRICK M. ALLEN, in his official capacity only, JASON R. BOWIE, in his official capacity only, TROY W. WEISLER, in his individual capacity only, and HAROLD MEDINA, in his official capacity only,

 Defendants,

AND

SHAWN BLAS,

 Plaintiff,

v.                 Case No. 1:23-cv-00774-DHU-LF

MICHELLE LUJAN GRISHAM, in her capacity As the Governor of New Mexico as well as in her individual capacity, THE OFFICE OF THE GOVERNOR OF NEW MEXICO, PATRICK M. ALLEN, in his capacity as the Secretary of the New Mexico Department of Health as well as in his individual capacity and THE NEW MEXICO DEPARTMENT OF HEALTH,

 Defendants,

AND

ZACHARY FORT, NEW MEXICO SHOOTING SPORTS ASSOCIATION, INC., FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION,

 Plaintiffs,

v.                 Case No. 1:23-cv-00778-DHU-LF

MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health, JASON R. BOWIE, individually

and in his official capacity as the Cabinet Secretary of
the New Mexico Department of Public Safety, and
W. TROY WEISLER, individually and in his official
capacity as the Chief of the New Mexico State Police,

      Defendants.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery, and other non-dispositive motions. The Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Friday, November 10, 2023,** to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"). Please visit the Court's website, www.nmcourt.fed.us, to download the standardized Joint Status Report and Provisional Discovery Plan form. The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the Court shortly after the Rule 16 scheduling conference. Plaintiff, or defendant in removed cases, is responsible for filing the JSR by **Friday, November 17, 2023.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted **via Zoom** on **Monday, November 27, 2023, at 10:00 a.m.** The Zoom ID and Passcode will be docketed separately and available to the parties but not the public. While counsel is required to attend, the named parties' personal

appearance is not required. If the parties wish to attend the hearing, counsel are responsible for ensuring that their clients and any witnesses have the Zoom ID and Passcode necessary to join the proceedings.

Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble shooting of any connectivity issues. To ensure the record is of the best quality, participants are encouraged to use a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.

This hearing will be available for remote viewing by video stream. Please visit the Court's website at https://www.nmd.uscourts.gov/district-court-streaming-services for information and instructions to connect.

**Recording or broadcasting of court proceedings is strictly prohibited.**

At the Rule 16 scheduling conference, counsel should be prepared to discuss discovery needs[1] and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[2] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2). We also will discuss settlement prospects and alternative dispute

---

[1] The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion. Every certification required by FED. R. CIV. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required. All parties should review the Court's webpage at: https://www.nmd.uscourts.gov/content/honorable-laura-fashing, particularly noting the Procedures Tab and linked Guidelines for Proposed Protective Orders and Phone Conferences (to resolve minor discovery matters).

Plaintiff(s) shall serve a copy of this order on any parties that have been served but have not yet entered an appearance and shall file a certificate of service with the Court documenting such service. Plaintiff(s) shall serve a copy of this order on any parties not yet served along with the summons and complaint.

_____
Laura Fashing
United States Magistrate Judge