## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WE THE PATRIOTS, INC,
DENNIS SMITH,                                         No. 1:23-cv-00773-DHU-LF

                Plaintiffs,                         Consolidated with:

                                               No. 1:23-cv-00771-DHU-LF
                                               No. 1:23-cv-00772-DHU-LF
                                               No. 1:23-cv-00774-DHU-LF
vs.                                                  No. 1:23-cv-00778-DHU-LF
                                               No. 1:23-cv-00839-DHU-LF

MICHELLE LUJAN GRISHAM,
in her official capacity only, PATRICK
M. ALLEN, in his official capacity only,
JASON R. BOWIE, in his official
capacity only,  TROY WEISLER, in his
official capacity only, HAROLD
MEDINA, in his official capacity only,

                Defendants.

## ORDER DENYING PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION PENDING APPEAL

      This matter is before the Court on Plaintiffs' two emergency motions requesting preliminary injunctions, **Doc. 37 and 41**. For the reasons stated below these motions will be denied.

      On October 11, 2023, this Court denied Plaintiffs' renewed motion for a preliminary injunction. This denial was based on an assessment that Plaintiffs had not met their burden of proof for a preliminary injunction. In particular, they did not convince this Court that that there was a substantial likelihood that they would prevail on the argument that *New York State Rifle Pistol*

*Association, Inc. v. Bruen,* 597 U.S. --- (2022) and *District of Columbia v. Heller,* 554 U.S. 570 (2008) precluded the enforcement of firearm regulations in public parks and playgrounds.

This Court made a finding on October 11, 2023 that "[w]hen all of the laws and ordinances cited by *Antonyuk*, *Koons*, and *Maryland Shall Issue* are combined and tallied, it appears plausible, although not certain, that Defendants may be able to demonstrate a national historical tradition of firearm restrictions at public parks within cities,"[1] and therefore Plaintiffs did not meet their high burden of proof for the necessity of a preliminary injunction. *We the Patriots, Inc. v. Grisham*, No. 1:23-CV-00771-DHU-LF, 2023 WL 6622042 (D.N.M. Oct. 11, 2023) at *9, Doc. 27. This Court also found, that due to the decision in *Maryland Shall Issue,* it is possible that the Fourteenth Amendment is the historical period from which firearm restrictions should be analyzed because that period is when the Second Amendment was incorporated by the states. *Id.* at 7-8. This Court has not made any rulings on the merits of the constitutional issues in this case; rather it has only made rulings on whether Plaintiffs met the high burden for the "extraordinary remedy" of a preliminary injunction. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019).

On October 19 and 20, 2023, Plaintiffs We the Patriots and Zachary Fort, respectively, notified this Court that they appealed this Court's decision regarding the preliminary injunction to the Tenth Circuit (Doc. 31 and 33). Plaintiffs then filed two "Emergency Motions" on October 20, and October 27, 2023. After the Court granted them an extension, Doc. 54, Defendants responded on November 10, 2023, Doc. 57.

---

[1] *See Antonyuk v. Hochul*, 639 F.Supp.3d 232, 324 (N.D.N.Y. 2022); *Koons v. Platkin*, 2023 WL 3478604 (D.N.J. 2023); *Maryland Shall Issue v. Montgomery Co.*, 2023 WL 4373260 (D. Md. 2023).

The Court treats these emergency motions as motions for reconsideration. This is due to the fact that the relief Plaintiffs are requesting is identical to the relief requested in their original denied motion for a preliminary injunction. Plaintiffs themselves acknowledge this in their second emergency motion. *See Emergency Mot.* at 2, Doc 41 ("Plaintiffs recognize that this Court is unlikely to grant such relief, given that the four-factor test governing Plaintiffs' entitlement to an injunction pending appeal 'is subject to the exact same standards' that this Court applied in denying Plaintiffs' motion for a preliminary injunction.").

Motions for reconsideration are not recognized by the Rules of Federal Civil Procedure. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). However, courts will review such petitions of a nonfinal order and such review is subject to the court's "general discretionary authority." *Trujillo v. Board of Educ. of the Albuquerque Public Schools,* 212 Fed. Appx. 760, 765 (10th Cir. 2007). Motions for reconsideration are appropriate when the court has "misapprehended the facts, a party's position, or the controlling law" but are inappropriate when such motions attempt to reargue an issue previously addressed or advances arguments that could have been raised earlier. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In their two emergency motions Plaintiffs assert similar positions. In particular, they argue "the relevant period for determining the meaning of the Second Amendment is the Founding era." *Emergency Mot.* at 3, Doc. 41. Plaintiffs go on to cite the same cases that they cited in their original motion for a preliminary injunction, mainly *Koons, Wolf,* and *Antonyuk.*

Plaintiffs have not met the standard for reconsideration. Their emergency motions do not point to any evidence that this Court misapprehended facts, party positions or controlling law. Their second and third motions for a preliminary injunction are nearly identical in argument to their original motion for a preliminary injunction which this Court has denied. Plaintiffs cannot

contest that there is some disagreement among courts regarding which historical period is the correct one for analyzing firearms restrictions. This Court thus maintains its position that Plaintiffs cannot show a substantial likelihood of success on the merits at this stage of the litigation. This Court does not consider the standing arguments made by Defendants as no motion to dismiss based on a lack of standing has been brought at this time.

**IT IS THEREFORE ORDERED**

(1) Plaintiff's first emergency motion (Doc. 37) is **DENIED.**

(2) Plaintiff's second emergency motion (Doc. 40) is **DENIED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE